**United States District Court**
FOR THE DISTRICT COURT OF COLUMBIA
333 CONSTITUTION AVENUE N.W.
20001

**FILED**

MAR 1 1 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jack A. Schwaner )
1 Great Oak Cir. Apt B-34 )
Newport News, Va 23606 )
)
   Plaintiff )
)
   Vs )  Case: 1:09-cv-00476
) Assigned To : Sullivan, Emmet G.
Dept. of the Army ) Assign. Date : 3/11/2009
Directorate of information ) Description: FOIA/Privacy Act
667 Monroe Ave )
Ft. Eustis, Va 23604 )
)

   Defendants

the Plaintiff is a legal resident in the state of Virginia

Comes now the Plaintiff Jack A Schwaner, Pro-se respectfully request this Court's indulgence to any legal or technical shortcomings.

## COMPLAINT

### FORT EUSTIS COMMAND VIOLATIONED THE FREEDOM OF INFORMATION ACT

The Plaintiff, Jack A Schwaner is filing Court action based on a Foia request sent to the Fort Eustis Command, It was Mailed on 7 Nov. 2008 (Exhibit A). On Dec,19,2008 (Exhibit B) about 40 days later the Plaintiff received a letter from Mr. Norman K. Donnelly Director, Information Management that lacks substance of approval, disapproval referring to the Initial Denial Authority. Letter by the Plaintiff dated 3 Jan.2009 ( Exhibit C) to Mr. Norman K. Donnelly questioning about Initial Denial Authority.

A favorable Motion concerning the Plaintiff request should be granted by this Court Court because Cases directly related and won by Plaintiffs in the Federal District & Appeal Courts in Hopkins Vs USN (1985) Hopkins Vs USAF (1990) and Schwaner Vs USCG.(2008). The US Army & Agencies

**RECEIVED**
MAR - 2 2009
Clerk, U.S. District and
Bankruptcy Courts

Page 2

are subject to penalties for hindering the process of a petition for information. "Agency personnel who acted arbitrary and capricious with respect to the withholding , [a] Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the Officer or employee who was responsible to the withholding." In the past the Ft Eustis denied these Foia requests using Title 5 USC Section 552 exemptions (2) and/or (6) in a unrelated dubious manner and was forwarded the Appeal to D.A. Level for denial  In the past and up to the present the Military used unrelated Foia Exemption (2) & (6) to entwine and confuse the Foia requester

(1)-An Agency is required to make a "determination" on the merits of a Foia appeal within 20 days of of receipt. 5 U.S.C 552(a)(6)(A).The Agency must "immediately notify the person making such a \ request of the provisions for judicial review of that determination.

(2)-An Agency may unilaterally extend the response deadline by up to 10 working days in "unusual circumstances,"but only upon giving written notice to the requester. 5 U,S,C.552(a)(6)(B)(i).This right may not be exercised if the Agency has already exceed its 10 day response deadline for the initial request.

(3)-Foia requires any denial of a request to list the " names and titles or positions of each person responsible for the denial" % U.S.C. 552(a)(6)(C). Ft Eustis has violated (1 thru (3).because of  Ft. Eustis frivolous manner of abuse concerning this Foia request ,punitive damage should be considered.

## Conclusion:

The Plaintiff, Jack A Schwaner asks this Court to grant a motion for Defendant to immediately supply the documentation requested by the Plaintiff FOIA request .

Respectfully Submitted,

Jack A Schwaner
1 Great Oak Cir. Apt B-34
Newport News Va.2

I certify that the foregoing documents were mail first class postage on ˍ14ˍ.,09 to the defendant address list below.

*Jack A Schwaner*

Dept. of the Army
Directorate of Information
667 Monroe Ave
Fort Eustis, 23604

United States District Court
For the District Court of Columbia
333 Constitution Ave N.W. 20001

Exhibit- (A)

7 Nov.08<br>
Jack A,Schwaner<br>
1 Great Oak Cir. Apt B-34<br>
Newport News,Va.23606

Commander
Ft Eustis ,Va.23604
Attn: Foia Officer

Dear Sir,

A Foia Request is being made and will be limited in scope to the following:

(1)-List of all Ait Students in regular Army status.

(2)-in Ranks of E-2 through E-4.

(3)-Names of Ait Student personnel.

(4)-Full Military addresses of Ait Student personnel , By Company if possible.

(5)-This Foia request pertains to Ait student personnel who are presently in a "non-deployable status".

Foia request cases enclosed (a) through (c) shows favorable Federal Court decisions to the Plaintiffs.

(a)-Schwaner vs Department of the Air Force.,898 F.2d 793 (D.C. Cir.1990

(b)-Hopkins Vs of the Navy, 1985 WL 17673 (D.D.C. Feb.5,1985)

(c)-Schwaner Vs U.S. Coast Guard., Civ .A. No.07-2350 (EGS)

If this Foia request is disapproved ,notify the requester within time frame required by regulation.

All fees will be paid in accordance to DOD and Army regulations

Respectfully Summited.

Jack A Schwaner

09 0476

FILED

MAR 11 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
DIRECTORATE OF INFORMATION MANAGEMENT
667 MONROE AVENUE
FORT EUSTIS, VIRGINIA 23604-5042

REPLY TO
ATTENTION OF:

December 19, 2008

Freedom of Information Office

Mr. Jack A. Schwaner
1 Great Oak Circle, Apt B34
Newport News, VA 23606-3557

Dear Mr. Schwaner:

   We received your request, under the provisions of the Freedom of Information Act, for a list of AIT students, E2-E4, in regular Army status, who are non-deployable. Your request is being referred to the Initial Denial Authority for a release determination. We will provide additional status as a determination is reached.

                                        Sincerely,

                                        Norman K. Donnelly
                                        Director, Information Management

3 Jan.09
Jack A.Schwaner
1 Great Oak Cir. Apt. B-34
Newport News,Va.23606

Dept. of the Army
Directorate of Informationate
667 Monroe Ave.
Ft Eustis,Va 23604-5042

Dear Mr. N.K. Donnelly

    I am responding to your short letter dated Dec.19,2008 where your department failed to take action within the appropriate time allowed to respond to Foia requests, as you stated in your letter this request is being referred to the Initial Denial Authority for a release determination. The function of this Authority's opinion in this case is immaterial, its lacks substance ,but mainly Jurisdiction caused by cases won by the Plaintiffs in Hopkins Vs USN ,Schwaner Vs USAF & recently Schwaner Vs USCG.

                               Respectfully Submitted ,

                               Jack A.Schwaner

17 Jan.09
Jack A Schwaner
1 Great Oak Cir. Apt B-34
Newport News, Va 23606

Dept. of the Army
Directorate of Information
667 Monroe Ave
Ft Eustis, Va 23604

Dear Mr. N.K. Donnelly

I am presently considering to submit a Court Action suit ( enclosed )against your Command for violating the Freedom of Information Act ( PL 93-502 ), so I am enclosing this Foia Court motion request and therefore bring this matter to your attention as a matter of courtesy prior to the submission to the Court if no response to my Foia inquiry is not forthcoming within a "reasonable" amount of time.

Respectfully Submitted,

Jack A Schwaner

initial FOIA request, or an agency's failure to issue a determination within the statutory 20-day time deadline. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(C).

C. An appeal should outline **all** facts which you think are relevant to your request. Reviewing courts, while not limited to the record before the agency (except for fee waivers, for which they <u>are</u> limited to review on the administrative record), do tend to consider what a reasonable agency decisionmaker would do when confronted with the facts before it. In other words, if you fail to mention an important fact at the administrative level, it will work against you when raising it at the litigation stage. This is a frequent problem we encounter which can severely limit one's options in court.

D. Deadlines for the filing of an appeal are noted in each agency's FOIA regulations located in CFRs. They are often as short as 20 working days, so it is important to act promptly when a denial of your initial request is issued. Although, if you miss your appeal deadline you could always refile your another FOIA request, it would just add to the delay in reaching the ultimate resolution of your information request.

E. Appeals need not include reference to statutory, regulatory, or case law, but it helps. Even if you are not comfortable with legal research, simply citing the agency's rules which have been violated can make the appeal much more effective.

F. An agency is required to make a "determination" on the merits of a FOIA appeal within **20 working days of receipt**. 5 U.S.C. § 552(a)(6)(A)(ii). The agency must "immediately notify the person making such request of the provisions for judicial review of that determination." <u>Id</u>.

   1. An agency may unilaterally extend the response deadline by up to 10 working days in "unusual circumstances," but only upon giving written notice to the requester. 5 U.S.C. § 552(a)(6)(B)(i). This right may not be exercised if the agency has already exceeded its 10 day response deadline for the initial request. <u>Id</u>.

   2. FOIA requires any denial of a request to list the "names and titles or positions of each person responsible for the denial." 5 U.S.C.§ 552(a)(6)(C).

G. Avoid impassioned prose ("you are killing all of the animals in the ocean, I must know why!"), it may make you feel better, but it will not convince the reviewer that you are right and may cloud the issues.

H. Remember that you are not only trying to convince the agency to release the requested materials, you are also creating a record for a judge to review should legal action be required. If you think of additional issues or arguments which have not been included in either the initial request or the appeal, draft a letter (<u>not</u> a phone call-you want a paper trail) which sets them out. **Make a record for review, make a record for review, make a record for review.**

> *"The Freedom of Information Act: 'a federal regulation obliging government agencies to release all information they had to anyone who made application for it, except information they had that they did not want to release.'"*
>
> Joseph Heller, "Closing Time" (1994).

## FOIA Litigation

What do you do when after all of your best efforts, you have exhausted your administrative options yet the agency has proven Mr. Heller to be correct? You must seek judicial review. Litigating FOIA cases requires considerable knowledge of the Federal Court Rules Of Civil Procedure (FRCP) and other specific Federal Court rules, as well as strong legal research and writing skills. As one appellate court has frankly acknowledged: "Freedom of Information Act cases are peculiarly difficult." Miscavige v. IRS, 2 F.3d 366, 367 (11th Cir. 1993); see also Summers v. Department of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998) (noting "peculiar nature of the FOIA"). Moreover, in order to actually file a case or appear in court on behalf of any party (other than as a pro se (for yourself) litigant), federal rules generally require admission by the Federal Court as an attorney authorized to practice in the specific federal district where the FOIA case is filed. For these reasons,

FOIAdvocates suggests that anyone interested in filing a FOIA lawsuit should carefully consider the benefits of obtaining legal counsel from an attorney who is familiar with both FOIA litigation and federal civil practice. If a lawsuit is filed on your behalf and you substantially prevail, you may be awarded reasonable attorney fees and litigation costs reasonably incurred.

> *"The statute is a commitment to 'the principle that a democracy cannot function unless the people are permitted to know what their government is up to." Id. (internal quotations omitted).*
>
> Favish v. OIC, (9th. Cir., July 12, 2000)

This guide to FOIA litigation is designed to provide a very cursory over-view of litigation related issues pertaining to FOIA in order to assist you to best develop your case to ensure that if you are required to seek judicial review, you will have a winning case. However, this information should not be viewed as a substitute for obtaining legal counsel with an attorney qualified to evaluate the specific merits, issues or tactical considerations presented by your specific case.

FOIAdvocates provides free initial consultations on all FOIA and public record matters, and our staff attorneys have considerable experience litigating FOIA cases and appeals. We are available to provide you legal counsel and representation in all manner of FOIA litigation before both trial and appellate courts.

What follows is a very brief overview of what you should expect if you retain an attorney to litigate a FOIA claim - and some of the pitfalls to avoid. Remember; the issue of whether you will win or lose your FOIA litigation will have been largely determined by the time you have exhausted the administrative phase of your case by the documentation which has been submitted to the agency's administrative record. This is particularly true regarding fee waiver

about them. The Privacy Act of 1974 additionally covered government documents charting individuals.

However, it is in the exemptions to solicitation of information under these acts that problems and discrepancies arise. The nine exemptions to the FOIA address issues of sensitivity and personal rights. They are (as listed in Title 5 of the United States Code, section 552): [1] (http://www.usdoj.gov/oip/foia_updates/Vol_XVII_4/page2.htm)

1. (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;
2. related solely to the internal personnel rules and practices of an agency;
3. specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;
4. trade secrets and commercial or financial information obtained from a person and privileged or confidential;
5. inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency;
6. personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
7. records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;
8. contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or
9. geological and geophysical information and data, including maps, concerning wells.

## Scope

*[handwritten annotations: Pro sec fees / Lost of income or punitive damage / no attorney fees / Wolfel v us tates]*

The act explicitly applies only to federal government agencies. These agencies are under several mandates to comply with public solicitation of information. Along with making public and accessible all bureaucratic and technical procedures for applying for documents from that agency, agencies are also subject to penalties for hindering the process of a petition for information. If "agency personnel acted arbitrarily or capriciously with respect to the withholding, [a] Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding." [2] In this way, there is recourse for one seeking information to go to a Federal court if suspicion of illegal tampering or delayed sending of records exists. However, there are nine

issues because the court's review, while de novo, is limited to the administrative record. 5 U.S.C. § 552(a)(4)(vii).

A. Remember the golden rule of FOIA: "An agency seeking to withhold information under an exemption to FOIA has the burden of proving that the information falls under the claimed exemption." GC Micro Corp. v. Defense Logistics Agency, 33 F.3d 1109, 1113 (9th Cir. 1994); see also Lewis v. IRS, 823 F.2d 375, 378 (9th Cir.1987). This favorable burden of proof provides rarefied air indeed for a plaintiff's attorney to breathe.

B. Federal courts have jurisdiction to "enjoin the agency from withholding agency records" 5 U.S.C. § 552(a)(4)(B). But before going to court, a FOIA requester must "exhaust" their administrative remedies, that is, they must use every option available at the agency level if they expect the court to review their case. 5 U.S.C. § 552(a)(6)(B). This can occur when the agency takes too long to respond to a request or appeal, or if the agency denies an appeal. If you file your suit before one of these things occurs, your case will be dismissed.

C. The action may be filed in the federal district court in the district where the complainant resides, has a principal place of business, in which the agency records are located, or in the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

D. The court may review the case de novo, that is, the court may create its own record of events without depending on the agency's administrative record. 5 U.S.C. § 552(a)(4)(B). Thus, courts reviewing FOIA cases may grant somewhat less deference to an agency interpretation of the case than would normally be the case when a court reviews and administrative action.

E. In almost all circumstances, a FOIA complaint should also plead an APA claim as a violation of the terms of FOIA can also usually be framed as either "arbitrary and capricious" or an "abuse of discretion."

F. The complaint, in addition to demanding the release of the records at issue, and/or the granting of a fee waiver, could further seek:

1. A request for an order enjoining the agency from relying on an invalid regulation or practice in all future FOIA undertakings. Cf. McGehee v. CIA, 697 F.2d 1095 (D.C. Cir. 1983).

2. An order declaring the agency's actions to be violative of FOIA.

3. An award of attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). Attorney fees may be awarded when the plaintiff has "substantially prevailed." Id.

4. If the actions of the agency were so flagrant to be arbitrary and capricious, ask that the court make a specific finding of that fact and refer the matter to the Merit System Protection Board for investigation. 5 U.S.C. § 552(a)(4)(F).