UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JACK A. SCHWANER,

        Plaintiff,

  v.                          Civil Action No. 09-0476 (EGS)

DEPARTMENT OF THE ARMY,

        Defendant.

---

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. For the reasons discussed below, the Court denies the former and grants the latter.

### I. BACKGROUND

In November 2008, plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Department of the Army ("the Army"), to the attention of the Commander of Fort Eustis, an Army facility in Newport News, Virginia. *See* Compl. at 1. He sought the following information:

> (1) - List of all Ait Students in regular Army status.
> (2) - in Ranks of E-2 through E-4.
> (3) - Names of Ait Student personnel.
> (4) - Full Military addresses of Ait Student personnel, by Company if possible.
> (5) - This FOIA request pertains to Ait student personnel who are presently in a "non-deployable status[.]"

1

*Id.*, Ex. A (November 7, 2008 FOIA Request). The Army acknowledged receipt of plaintiff's request, and notified him that it referred his request to the Initial Denial Authority for a release determination. *Id.*, Ex. B (December 19, 2008 letter from N.K. Donnelly, Director, Information Management, Freedom of Information Office, Fort Eustis, Virginia). The Commander, United States Human Resources Command, "serves as the Initial Denial Authority for all FOIA/Privacy Act requests relating to active duty personnel records." Mem. in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. ("Def.'s Mem."), Decl. of Kathleen Vaughn-Burford ("Vaughn-Burford Decl.") ¶ 2.

The Army denied plaintiff's request in full, Vaughn-Burford Decl. ¶¶ 8-11, and explained its rationale as follows:

> At this time, lists of military personnel cannot be released. Recent guidance from the Department of Defense (DOD) has advised this Command to withhold from public release the names and other personal identifiers of active duty personnel. Increased security awareness demanded in times of national emergency concurrent with the heightened interest in the personal privacy of Army personnel has required that restrictions be imposed on the release of information. Therefore, the information requested is exempt from disclosure under Exemption 6 of the FOIA.

*Id.*, Attach. 3 (February 25, 2009 letter from C. Eldon Mullis, Colonel, U.S. Army, Chief of Staff). Although "[t]he letter informed plaintiff of his right to appeal and the method by which

he could do so," plaintiff has not submitted an appeal either to the Freedom of Information Office at Fort Eustis or to the Army's Office of General Counsel within the 60-day period allotted.[1] Vaughn-Burford Decl. ¶ 12; *see id.*, Attach. 3.

Plaintiff filed this civil action on March 2, 2009.[2] *See* Compl. at 1. Noting defendant's failure to respond to his FOIA request within the requisite time limits, *see* 5 U.S.C. § 552(a)(6), plaintiff "ask[ed] this Court to grant a motion [directing the Army] to immediately supply the documentation [he] requested[.]" *Id.* at 2.

## II. DISCUSSION

### A. *Summary Judgment in a FOIA Case*

The Court may grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears

---

[1] Plaintiff could have challenged defendant's initial determination by sending an appeal "through: Commander, U.S. Army Human Resources Command; Attention: AHRC-FOIA, 200 Stovall Street, Alexandria, VA 22332-0400, to the Secretary of the Army, Attention: Office of the General Counsel." Vaughn-Burford Decl., Attach. 3.

[2] The Clerk of Court received plaintiff's original complaint and application to proceed *in forma pauperis* on March 2, 2009. The Court granted his application on March 11, 2009, and the Clerk officially entered these items on the electronic docket on March 12, 2009.

3

the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. United States Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted). In a FOIA case, the Court may grant summary judgment based on the information provided in an agency's supporting affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

*B. Exhaustion of Administrative Remedies*

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA. *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam); *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995) (stating that a plaintiff "may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies"). Exhaustion allows "the agency . . . an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Wilbur*, 355 F.3d at 677 (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Exhaustion under the FOIA is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration. *Wilbur*, 355 F.3d at 677. If a requester has not exhausted his administrative remedies prior to the filing of a civil action, his claim is subject to dismissal. *See Hidalgo*, 344 F.3d at 1258.

The FOIA requires that an agency "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request[.]" 5 U.S.C. § 552(a)(6)(A)(i). In "extraordinary circumstances," this time limit "may be extended by written notice to the [requester] setting forth unusual circumstances for

5

such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). If the agency does not meet its deadline, "the requester can immediately sue to obtain the requested records and he 'shall be deemed to have exhausted his administrative remedies' because of the agency's tardiness." *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (quoting 5 U.S.C. § 552(a)(6)(C)); *see Oglesby*, 920 F.2d at 62 ("If the agency has not responded within the statutory time limits, then, under 5 U.S.C. § 552(a)(6)(C), the requester may bring suit."). However, this so-called "constructive exhaustion ceases to offer a basis for judicial action once an agency actually responds." *Smith v. Fed. Bureau of Investigation*, 448 F. Supp. 2d 216, 220 (D.D.C. 2006) (citing *Oglesby*, 920 F.2d at 61, 63-64). "If a requester actually receives an agency's untimely response before filing suit under § 552(a)(6)(A)(i), he must utilize the administrative appeals process – which includes, as a final step, the right to sue in federal court – to resolve any FOIA disputes." *Judicial Watch*, 285 F. Supp. 2d at 26.

Plaintiff represents that he "never received the Letter dated Feb.25,09 [sic] listing [a 5 U.S.C. § 522(b)(6)] exemption making [it] impossible to respond." Pl.'s Opp'n at 2.[3] The

---

[3] The Court construes plaintiff's July 29, 2009 submission [Dkt. #11] as his opposition to defendant's motion to dismiss or for summary judgment.

Army, he asserts, "failed miserably in responding to the Plaintiff's [FOIA] request," *id.* at 3, and thus, apparently, relieved him of any obligation to pursue an administrative appeal of the Army's initial determination. The Court is not persuaded by plaintiff's assertion, however, because he submits no declaration or other evidence to support his contention that he did not receive a response, whether timely or not, to his FOIA request. *See Keys v. Dep't of Homeland Sec.*, No. 08-0726 (ESH/AK), 2009 WL 614755, at *5 (D.D.C. Mar. 10, 2009) ("Plaintiff's unsupported argument that he cannot recall ever receiving a response from the EOUSA . . . is unavailing in light of the sworn declarations and documentary evidence demonstrating that EOUSA responded to his FOIA request.").

Although defendant responded to plaintiff's FOIA request beyond the time limits set forth by statute, its declarant demonstrates that the Army responded before plaintiff filed this civil action. At that point, plaintiff was obligated to exhaust his administrative remedies, and he fails to establish that he did so. Accordingly, defendant's motion for summary judgment on this ground will be granted.

### C. *Exemption 6*

Even if plaintiff had exhausted his administrative remedies prior to filing this action, the Court concludes that defendant would have prevailed on the alternative ground: that the relevant

7

records properly were withheld under Exemption 6.

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is construed broadly and is "intended to cover detailed Government records on an individual which can be identified as applying to that individual." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (citation omitted). The threshold is "fairly minimal," such that "[a]ll information which applies to a particular individual is covered by Exemption 6, regardless of the type of file in which it is contained." *Washington Post Co. v. United States Dep't of Health & Human Servs.*, 690 F.2d 252, 260 (D.C. Cir. 1982) (quoting *Washington Post*, 456 U.S. at 602) (internal quotation marks omitted). In this way, the "FOIA's protection of personal privacy is not affected by the happenstance of the type of agency record in which personal information is stored." *Id.*; *see New York Times Co. v. Nat'l Aeronautics & Space Admin.*, 920 F.2d 1002, 1004-05 (D.C. Cir. 1990) (en banc) (concluding that Exemption 6 protected disclosure of a tape of voice communications aboard the Challenger space shuttle because "it applies to particular individuals").

Exemption 6 requires "a balancing of the individual's right of privacy against the preservation of the basic purpose of the

Freedom of Information Act to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976) (internal quotation marks and citation omitted); *see United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). The privacy interest at stake belongs to the individual, not the agency. *Reporters Comm. for Freedom of the Press*, 489 U.S. at 763-65; *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (acknowledging an individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), *cert. denied*, 494 U.S. 1078 (1990). It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

There is no dispute that the information plaintiff has requested, that is, lists of certain Army personnel, their ranks, companies, and addresses, are "personnel and medical files and similar files," 5 U.S.C. § 552(b)(6), such that they fall within the scope of Exemption 6. Having determined that the Army makes its threshold showing, the Court next must determine whether the disclosure of such records would constitute a clearly unwarranted invasion of these individuals' personal privacy.

Defendant's declarant explains that, in 2001, "the

Department of Defense issued guidance and a determination regarding release of personally identifying personal information under the [FOIA]," and [i]n accordance with this guidance, "it is the practice of [the Army's Human Resources Command] not to release names of military members in response to FOIA requests." Vaughn-Burford Decl. ¶ 9. The memorandum on which defendant relies, *see id.*, Attach. 2 (November 9, 2001 Memorandum Regarding the Withholding of Personally Identifying Information under the Freedom of Information Act), begins by stating that "[t]he President has declared a national emergency by reason of the terrorist attacks on the United States." *Id.* at 1. For this reason, "[a]ll Department of Defense personnel should have a heightened security awareness concerning their day-to-day duties and recognition that the increased security posture will remain a fact of life for an indefinite period of time." *Id.* In light of "the heightened interest in personal privacy of [Department of Defense ("DoD")] personnel that is concurrent with the increased security awareness demanded in times of national emergency," *id.*, DoD components "shall ordinarily withhold lists of names and other identifying information of personnel currently or recently assigned within a particular component, unit, organization or office with the [DoD] in response to requests under the FOIA." *Id.*

Neither the defendant's supporting declaration nor the

memorandum on which it relies directly address the personal privacy interests of enlisted military personnel. It is easy to conclude, however, that such personnel, like any individuals, have a recognized privacy interest in avoiding disclosure of personal information. *See, e.g., Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 152-53 (D.C. Cir. 2006) (recognizing privacy interests of agency personnel, private individuals, and companies who worked on the approval of the controversial drug mifepristone); *Horner*, 879 F.2d at 875. As the District of Columbia Circuit instructs, "[a] substantial privacy interest is anything greater than a *de minimis* privacy interest." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1229-30 (D.C. Cir. 2008) (citing *Horner*, 879 F.2d at 874). The privacy interests of military personnel for reasons similar to those the Army asserts in this case have been considered and accepted in this district. *See Schoenman v. Fed. Bureau of Investigation*, 575 F. Supp. 2d 136, 160 (D.D.C. 2008) (commenting that "the Air Force members whose names and other identifying information was redacted from the Intelligence Information Reports have a significant – i.e., more than *de minimis* – privacy interest in that information, particularly in light of a Department of Defense policy change after the terrorist attacks of September 11, 2001"); *Kimmel v. United States Dep't of Defense*, Civ. A. No. 04-1551(HHK), 2006 WL 1126812, at *3 (D.D.C. Mar. 31, 2006) ("DoD acted out of concern

that employees of DoD could become targets of terrorist assaults, and the court has no reason to question this determination.").

Lastly, the Court considers whether the public interest in disclosure of the withheld information outweighs the military personnel's personal privacy interests. Plaintiff's sole attempt at opposing defendant's motion reads as follows:

> Prior [to] Oct. 12, 01 was the day one of our most precious freedoms died, the Justice Department and Federal Judges let it slipped [sic] beneath the radar and without fanfare[.] [Former Attorney [General] John Ashcroft quashed most [of] the [FOIA][, and] all that hard work by the Defendant in their many unrelated cases failed to respond to the Plaintiff['s] Civil Action (a), (b) and (c) listed in No. 09-0476 making Civ. No. 09-0476 (EGS) against the Dept. Of the Army stand on its own merits.

Pl.'s Opp'n at 3. The argument is unintelligible, and cannot withstand defendant's showing. Plaintiff does not argue, nor does the Court find, that release of the withheld information would shed any light on the Amy's performance of its duties.

"Having already concluded that the privacy interest at issue here is more than *de minimis*, the Court 'need not linger over the balance; something, even a modest privacy interest outweighs nothing every time.'" *Schoenmann*, 575 F. Supp. 2d at 161 (quoting *Horner*, 879 F.2d at 879). Absent a showing of a public interest of such magnitude as to outweigh the recognized privacy interests of military personnel, the Court concludes that the Army's decision to withhold records responsive to plaintiff's

FOIA request under Exemption 6 was proper. *See, e.g., Kimmel*, 2006 WL 1126812, at *3; *Voinche v. Fed. Bureau of Investigation*, 940 F. Supp. 323, 329-30 (D.D.C. 1996) (concluding that the release of names and identifying features of individuals would serve no articulable public interest, and that the agency properly invoked Exemption 6 to protect the individuals' privacy interests), *aff'd*, No. 96-5304, 1997 WL 411685 (D.C. Cir. June 19, 1997), *cert. denied*, 522 U.S. 950 (1997).

### III. CONCLUSION

The Army shows both that plaintiff did not exhaust his administrative remedies prior to the filing of this civil action and that the records plaintiff requested properly were withheld in full under Exemption 6. The Army thus demonstrates that there are no genuine issues of fact in dispute as to its compliance with the FOIA and that it is entitlement to judgment as a matter of law. Accordingly, the Court will grant its motion for summary judgment, and will deny its motion to dismiss as moot. An Order is issued separately.

Signed: EMMET G. SULLIVAN
United States District Judge

Dated: March 17, 2010